THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:25-CV-80526-DMM

GOOD SAMARITAN MEDICAL
CENTER, INC., et al.,

     *Plaintiffs*,

  v.

THE LEAPFROG GROUP,

     *Defendant*.

**THE COMMUNITY HOSPITALS' MOTION FOR PARTIAL RECONSIDERATION**

Jeffrey Marcus, Bar # 310890
Michael Pineiro, Bar # 41897
Daniel Rashbaum, Bar # 75084
MARCUS RASHBAUM PINIERO & MEYERS LLP
2 South Biscayne Boulevard
Suite 2530
Miami, FL  33131
(305) 400-4268
jmarcus@mrpfirm.com
mpineiro@mrpfirm.com
drashbaum@mrpfirm.com

Jeffrey Neiman, Bar # 544469
Brandon S. Floch, Bar # 125218
NEIMAN MAYS FLOCH & ALMEIDA PLLC
100 SE 3rd Avenue
Suite 805
Fort Lauderdale, FL  33394
(954) 462-1200
jneiman@nmfalawfirm.com
bfloch@nmfalawfirm.com

Mary Beth Maloney (*pro hac vice*)
Lee R. Crain (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
(212) 351-4000
mmaloney@gibsondunn.com
lcrain@gibsondunn.com

Daniel P. Chung (*pro hac vice*)
Helgi C. Walker (*pro hac vice*)
Christine M. Buzzard (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
(202) 955-8500
dchung@gibsondunn.com
hwalker@gibsondunn.com
cbuzzard@gibsondunn.com

Betty X. Yang (*pro hac vice*)
Scott K. Hvidt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX  75201
(214) 698-3100
byang@gibsondunn.com
shvidt@gibsondunn.com

*Attorneys for the Community Hospitals*

## MOTION FOR PARTIAL RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 54(b), the Community Hospitals respectfully move for partial reconsideration of the Court's summary-judgment order, ECF 139, in light of the Eleventh Circuit's recent intervening decision in *FTC v. Corpay, Inc.*, 2026 WL 35708 (11th Cir. Jan. 6, 2026). That decision makes clear that in this Circuit the standard for unfairness claims under the FTC Act—and by extension the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")—requires only *likely* consumer harm, not *actual* consumer harm as the Court held on summary judgment. The Community Hospitals thus respectfully seek reconsideration and correction of that holding so that trial can proceed under the proper legal standard for unfairness.

The Court's summary-judgment order set forth two distinct standards of proof for "unfairness" and "deception" claims under FDUTPA. The Court found that a deception claim for injunctive relief "need not require actual harm" to consumers; rather, such a claim requires merely "'deceptions that are likely to cause injury to a reasonable relying consumer.'" ECF 139 at 9 (citation omitted). By contrast, the Court held that an unfairness claim is subject to a higher burden and requires proof of "actual consumer harm," rather than conduct *likely* to injure consumers. *Id.* at 9 & n.5.

The same day this Court's summary-judgment order was signed, *see* ECF 139 at 11, the Eleventh Circuit released its decision in *FTC v. Corpay, Inc.*, 2026 WL 35708 (11th Cir. Jan. 6, 2026). This Court did not have the benefit of the Court of Appeals' guidance in *Corpay* when deciding the summary-judgment order, but that decision now helpfully confirms the governing standard for unfairness claims consistent with the Community Hospitals' arguments. Specifically, *Corpay* makes clear that, for unfairness claims, as with deception claims, it is sufficient that an act or practice is *likely* to cause substantial injury to consumers.

*Corpay* involved a company, Corpay, Inc., that markets "fuel credit cards" to businesses with the promise of "savings, control, and transparency." *Corpay, Inc.*, 2026 WL 35708, at *1. A Federal Trade Commission ("FTC") investigation revealed that Corpay in fact was engaging in numerous deceptive and unfair acts with respect to its customers—including deceptive advertising about where the cards could be used and numerous hidden fees. *Id.* at *2–*3. The FTC brought an enforcement action alleging, in relevant part, that seven of Corpay's "'unexpected fees'" constituted unfair practices under the FTC Act. *Id.* at *6, *18–*19. The district court found in favor of the FTC on all counts, granted summary judgment to the agency, and permanently enjoined

Corpay from engaging in continued deceptive and unfair acts or practices. *Id.* at *1.

On appeal, the Eleventh Circuit affirmed the summary-judgment order and permanent injunction against Corpay. *Corpay, Inc.*, 2026 WL 35708, at *1. In so doing, the Eleventh Circuit explicitly addressed "the proper standard for evaluating 'unfair' practices" under the FTC Act. *Id.* at *19. As the Court of Appeals explained, a practice is "'unfair' if it '[1] causes ***or is likely to cause*** substantial injury to consumers which is [2] not reasonably avoidable by consumers themselves and [3] [is] not outweighed by countervailing benefits to consumers or to competition.'" *Id.* at *18 (quoting 15 U.S.C. § 45(n)) (emphasis added); *see also id.* at *19 (same). Applying that standard, the Court of Appeals concluded that Corpay had raised no genuine dispute that the FTC had shown the existence of unfair practices. *Id.* at *18–*22.

The Eleventh Circuit's explanation of the standard for "unfairness" claims under the FTC Act is highly instructive for the proper interpretation of FDUTPA. FDUTPA's text explicitly instructs that "great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to" the FTC Act, Fla. Stat. § 501.204(2), and further provides that FDUTPA is to be "consistent with established policies of federal law relating to consumer protection," Fla. Stat. § 501.202(3). That is because FDUTPA is a state-level "little FTC Act," *Fonte v. AT&T Wireless Servs., Inc.*, 903 So. 2d 1019, 1024 (Fla. 4th DCA 2005), that was "patterned after the Federal Trade Commission Act," *Millennium Commc'ns & Fulfillment, Inc. v. Off. of Att'y Gen.*, 761 So. 2d 1256, 1260 (Fla. 3d DCA 2000).

Accordingly, the Community Hospitals respectfully submit that the Court's analysis of the consumer-harm requirement for unfairness claims has been superseded by *Corpay*. The Community Hospitals thus request that the Court reconsider the holding in its summary-judgment opinion suggesting that the Community Hospitals must adduce "evidence of actual consumer harm" to establish an unfairness claim, ECF 139 at 9 n.5, and make clear that "deception" and "unfairness" analyses under FDUTPA are each satisfied for purposes of injunctive and declaratory relief by a showing that a defendant's conduct is likely to cause injury to consumers.

In addition to conforming the standard for unfairness to the Court of Appeals' intervening decision, clarifying the correct legal standard will have a significant beneficial impact on the course of the upcoming trial. To respond to the Court's summary-judgment order, the Community Hospitals have produced additional evidence of actual consumer harm and disclosed a physician witness able to speak to the harms actually inflicted by Leapfrog's Safety Grades. Leapfrog, in

turn, has filed a motion in limine to exclude that evidence. ECF 144.  Clarifying the proper legal standard in advance of trial may affect this and related motion practice of the parties. Such clarification may also streamline the proceedings with respect to the presentation of evidence by the parties and the evaluation of that evidence by the Court.[1]

### CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 7.1, the undersigned counsel certifies that she conferred with counsel for the Defendant before filing this motion. Counsel for the Defendant represented that it is opposed to relief sought herein.

---

[1] The Community Hospitals intend to submit revised proposed findings of fact and conclusions of law in light of *Corpay* and any reconsideration of this issue by the Court.

Dated:  January 14, 2026

By: */s/Jeffrey Marcus*
_____

Jeffrey Marcus, Bar # 310890
Michael Pineiro, Bar # 41897
Daniel Rashbaum, Bar # 75084
MARCUS RASHBAUM PINEIRO & MEYERS LLP
2 South Biscayne Boulevard
Suite 2530
Miami, FL  33131
(305) 400-4268
jmarcus@mrpfirm.com
mpineiro@mrpfirm.com
drashbaum@mrpfirm.com

Jeffrey Neiman, Bar # 544469
Brandon S. Floch, Bar # 125218
NEIMAN MAYS FLOCH & ALMEIDA PLLC
100 SE 3rd Avenue
Suite 805
Fort Lauderdale, FL  33394
(954) 462-1200
jneiman@nmfalawfirm.com
bfloch@nmfalawfirm.com

Respectfully submitted,

By: */s/Mary Beth Maloney*
_____

Mary Beth Maloney (*pro hac vice*)
Lee R. Crain (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
(212) 351-4000
mmaloney@gibsondunn.com
lcrain@gibsondunn.com

Daniel P. Chung (*pro hac vice*)
Helgi C. Walker (*pro hac vice*)
Christine M. Buzzard (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
(202) 955-8500
dchung@gibsondunn.com
hwalker@gibsondunn.com
cbuzzard@gibsondunn.com

Betty X. Yang (*pro hac vice*)
Scott K. Hvidt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX  75201
(214) 698-3100
byang@gibsondunn.com
shvidt@gibsondunn.com

*Attorneys for the Community Hospitals*

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 14, 2026, a true and correct copy of the foregoing was served on all counsel or parties of record via the ECF filing system.


           By: */s/Mary Beth Maloney*
              Mary Beth Maloney