THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:25-CV-80526-DMM

GOOD SAMARITAN MEDICAL
CENTER, INC., et al.,

    *Plaintiffs*,

  v.

THE LEAPFROG GROUP,

    *Defendant*.

## THE COMMUNITY HOSPITALS' SUPPLEMENTAL MEMORANDUM REGARDING PX-560.0–560.2

Jeffrey Marcus, Bar # 310890
Michael Pineiro, Bar # 41897
Daniel Rashbaum, Bar # 75084
MARCUS RASHBAUM PINIERO & MEYERS LLP
2 South Biscayne Boulevard
Suite 2530
Miami, FL 33131
(305) 400-4268
jmarcus@mrpfirm.com
mpineiro@mrpfirm.com
drashbaum@mrpfirm.com

Jeffrey Neiman, Bar # 544469
Brandon S. Floch, Bar # 125218
NEIMAN MAYS FLOCH & ALMEIDA PLLC
100 SE 3rd Avenue
Suite 805
Fort Lauderdale, FL 33394
(954) 462-1200
jneiman@nmfalawfirm.com
bfloch@nmfalawfirm.com

Mary Beth Maloney (*pro hac vice*)
Lee R. Crain (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
mmaloney@gibsondunn.com
lcrain@gibsondunn.com

Daniel P. Chung (*pro hac vice*)
Helgi C. Walker (*pro hac vice*)
Christine M. Buzzard (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
dchung@gibsondunn.com
hwalker@gibsondunn.com
cbuzzard@gibsondunn.com

Betty X. Yang (*pro hac vice*)
Scott K. Hvidt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698-3100
byang@gibsondunn.com
shvidt@gibsondunn.com

*Attorneys for the Community Hospitals*

## SUPPLEMENTAL MEMORANDUM REGARDING PX-560.0–560.2

The Community Hospitals respectfully submit this supplemental memorandum regarding Leapfrog's objections to trial exhibit PX-560.0–560.2, which consists of a cover email and a spreadsheet titled "PBG Cancels Week Oct 26." Ex. 1 (combined PX-560.0 (cover email), PX-560.1 (native format), and PX-560.2 (PDF format)). The spreadsheet reflects the October 26–31, 2025 iteration of an internal business record tracking procedure cancellations at Palm Beach Gardens Medical Center. The spreadsheet specifically notes that on October 22, 2025, a patient canceled an upcoming scheduled procedure *in response to the hospital's "F GRADE." Id.* (emphasis added):

| DATE_SCHEDULED | DATE_CANCELLED | CANCEL_REASON | COMMENT |
|---|---|---|---|
| 9/16/2025 | 10/22/2025 | Patient Declined Procedure | PATIENT DECLINED PROCEDURE DUE TO THE HOSPITALS F GRADE FOR INFECTIONS. |

This document is powerful, probative evidence of the ongoing, real-world harm inflicted by Leapfrog's deceptive and unfair Safety Grade scheme—harm to both consumers and the Community Hospitals. The exhibit was created in the ordinary course of business in October 2025 and thus necessarily post-dates the close of fact discovery on September 25, 2025 (ECF 36 at 5).

Leapfrog objected to the introduction of this exhibit at trial, arguing that earlier versions of the spreadsheet would have been responsive to its discovery requests and suggesting—without basis—that the Community Hospitals failed to supplement their discovery responses.[1] Those objections collapse under scrutiny. The Community Hospitals complied fully with their Rule 26 obligations, acted promptly and in good faith, and caused Leapfrog no cognizable prejudice whatsoever. PX-560.0–560.2 should therefore be admitted.

**1.** *Prior Iterations Were Not Produced Because They Were Not Within the Agreed-Upon Discovery Universe—and PX-560.0–560.2 Did Not Exist During Discovery.* Prior iterations of this business record—which the Community Hospitals do not seek to introduce—were not produced because they were not within the universe of documents the parties expressly agreed the Community Hospitals would review for responsiveness using negotiated custodians and search terms.

Rule 26 does not require omniscient or limitless searches; it requires diligent searches

---

[1] At the time of filing, the parties have received neither a rough nor final transcript of the Friday, January 16, 2025 trial proceedings. The Community Hospitals would be happy to supplement this submission with transcript citations once the transcript has been provided.

consistent with negotiated parameters. Courts in this Circuit repeatedly recognize that parties are entitled—and indeed required—to rely on agreed-upon custodians and search terms. *See, e.g.*, *Seich v. Boppy Co., LLC*, 344 F.R.D. 476, 482 (N.D. Fla. 2023) (Rule 26 requires "a diligent search"); *H-1 Auto Care, LLC v. Hemani*, 2024 WL 6967104, at *9 (S.D. Fla. Feb. 23, 2024) (reasonable for parties to rely on search terms); *Hyundai Motor Am. Corp. v. N. Am. Auto. Servs., Inc.*, 2021 WL 7082998, at *2 (S.D. Fla. Apr. 5, 2021) (Middlebrooks, J.) (denying motion to compel additional custodians absent showing of relevance).

Here, the parties extensively negotiated discovery. They agreed the Community Hospitals would search the electronically stored information ("ESI") of 12 specific custodians—including Hospital CEOs, Quality Directors, a marketing employee, and the Palm Beach Health Network President—using agreed search terms such as "Leapfrog," "Leap Frog," "TLG," "Safety Grade," and "imputation method." Crain Decl. ¶ 5.

Those searches did not capture PX-560.0–560.2 for a simple and dispositive reason: the exhibit did not exist during discovery. Crain Decl. ¶ 6. It consists of an October 2025 spreadsheet and a November 3, 2025 cover email, both created after fact discovery closed on September 25, 2025. ECF 36 at 5. *Id.*

Nor did the searches capture prior iterations of the spreadsheet because those versions contained none of the agreed search terms—the very terms the parties negotiated to define the scope of the Community Hospitals' production obligations. Crain Decl. ¶ 7. Rule 26 requires diligence, not clairvoyance.

**2. Prior Versions Were Not Responsive to Leapfrog's Narrowed RFPs as a Matter of Law and Fact.** Leapfrog's suggestion that prior versions should have been produced ignores the substantial narrowing of its discovery requests at Judge Matthewman's urging.

Leapfrog's original Requests for Production ("RFPs") were facially overbroad, including demands for "*[a]ll [d]ocuments* showing complaints about patient safety or quality of healthcare services [the Community Hospitals] have received from patients or potential patients." Ex. 2 (RFP 23) (emphasis added). That request far exceeded the issues in this case.

The parties negotiated. Leapfrog withdrew multiple RFPs, and the Community Hospitals agreed to conduct searches tethered to harm caused by Leapfrog, using specified search terms and limited "go-get" requests. *See* ECF 76 at 1; Crain Decl. ¶ 10. Consistent with that agreement, the Community Hospitals conducted diligent searches—both within custodians' ESI and beyond—to

identify documents linking Leapfrog to reputational or patient harm. *Id*. ¶ 11. They ultimately produced hundreds of documents directly tied to Leapfrog and the issues in this case. *Id*. ¶ 12.

Earlier versions of the spreadsheet at issue were not responsive to the narrowed RFPs: they did not hit on agreed search terms; they did not reference Leapfrog; and they were not within the agreed "go-gets." Crain Decl. ¶ 13. Leapfrog's suggestion otherwise attempts to rewrite the discovery agreement after the fact.

**3. *The Community Hospitals Fully Complied With—and Exemplified—the Duty to Supplement.*** During trial, the Court asked whether the Community Hospitals satisfied their duty to supplement. The record answers that question unequivocally: they did.

Several months after discovery closed, during trial preparation, the Community Hospitals learned in discussions with Ms. Havericak, CEO of Delray Medical Center, that a patient had recently cancelled a procedure due to the Leapfrog Safety Grade. Crain Decl. ¶ 14. The Community Hospitals immediately investigated, searched cancellation data, located PX-560.0–560.2—including the explicit "F GRADE" notation (which notably would not have hit on agreed search terms)—and produced the exhibit to Leapfrog within approximately 36 hours. *Id*. ¶¶ 15–16; *see also* ECF 162-1 ¶ 11.

That conduct reflects textbook compliance with Rule 26(e). The duty to supplement arises when a party learns that prior disclosures are incomplete—and requires supplementation "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). Courts emphasize particular promptness as trial approaches. *Olivas v. A Little Havana Check Cash, Inc.*, 2007 WL 9723399, at *2 (S.D. Fla. Apr. 18, 2007) (citing Fed. R. Civ. P. 26(e) advisory committee note to 1993 amendment). The Community Hospitals acted immediately, transparently, and in good faith.

**4. *There Is No Prejudice—Only Discomfort With the Evidence.*** Leapfrog has identified no cognizable prejudice from the admission of PX-560.0–560.2. The exhibit is straightforward, limited in scope, authentic, and probative of ongoing harm. Leapfrog received it promptly, has had the opportunity to review it, and cannot credibly claim surprise or inability to respond. Exclusion would not level the playing field—it would sanitize the record.

Rule 37 sanctions, including exclusion, are reserved for situations involving willfulness, bad faith, or real prejudice. None is present here. Excluding this exhibit would be harsh, punitive, and unwarranted, particularly where the Community Hospitals complied with Rule 26 at every step.

Leapfrog's objection is not about discovery compliance. It is about the impact of the evidence. That is not a basis for exclusion.

* * *

The Community Hospitals complied fully with their discovery obligations, acted promptly and in good faith, and caused Leapfrog no prejudice. PX-560.0–560.2 is a legitimate, post-discovery business record reflecting ongoing harm caused by Leapfrog's conduct. The Rules of Civil Procedure—and basic fairness—support its admission.

The Court should admit PX-560.0–560.2 into evidence.

Dated:  January 19, 2026

By: /s/ Jeffrey Marcus

Jeffrey Marcus, Bar # 310890
Michael Pineiro, Bar # 41897
Daniel Rashbaum, Bar # 75084
MARCUS RASHBAUM PINEIRO & MEYERS LLP
2 South Biscayne Boulevard
Suite 2530
Miami, FL  33131
(305) 400-4268
jmarcus@mrpfirm.com
mpineiro@mrpfirm.com
drashbaum@mrpfirm.com

Jeffrey Neiman, Bar # 544469
Brandon S. Floch, Bar # 125218
NEIMAN MAYS FLOCH & ALMEIDA PLLC
100 SE 3rd Avenue
Suite 805
Fort Lauderdale, FL  33394
(954) 462-1200
jneiman@nmfalawfirm.com
bfloch@nmfalawfirm.com

Respectfully submitted,

By: /s/ Mary Beth Maloney

Mary Beth Maloney (*pro hac vice*)
Lee R. Crain (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
(212) 351-4000
mmaloney@gibsondunn.com
lcrain@gibsondunn.com

Daniel P. Chung (*pro hac vice*)
Helgi C. Walker (*pro hac vice*)
Christine M. Buzzard (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
dchung@gibsondunn.com
hwalker@gibsondunn.com
cbuzzard@gibsondunn.com

Betty X. Yang (*pro hac vice*)
Scott K. Hvidt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX  75201
(214) 698-3100
byang@gibsondunn.com
shvidt@gibsondunn.com

*Attorneys for the Community Hospitals*