**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 25-CV-80526-MIDDLEBROOKS

GOOD SAMARITAN MEDICAL CENTER, INC., et al.,

    Plaintiffs,

v.

THE LEAPFROG GROUP,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court upon Defendant's Motion for Reconsideration and to Alter or Amend the Judgment, or for New Trial, filed on April 30, 2026 (DE 220). The Motion is fully briefed. (DE 223; DE 228). For the reasons stated, the Motion is denied.

On March 6, 2026, I entered an Order following Bench Trial, finding in favor of Plaintiffs as to their only Count alleging that Defendant violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Fla. Stat. § 501.201 *et seq*. (DE 212). I entered Final Judgment on April 3, 2026. (DE 214). The record indicates that Defendant has chosen to appeal that decision. (DE 221). Simultaneously, Defendant seeks reconsideration of my findings with respect to their First Amendment defense.

The central contention advanced by the Defendant is that the injunction entered against them transgresses the guardrails set forth by the First Amendment. (DE 220 at 15). The Defendant first argues that the Safety Grades and their Methodology are protected pure opinions. (*Id.* at 14). Second, Defendant argues that actual malice is required before enjoining the Defendant's speech. (*Id.* at 20). Third, Defendant suggests that the injunction amounts to an unconstitutional prior restraint and unconstitutionally compels speech. (*Id.* at 24).

Federal Rule of Civil Procedure 59(e) authorizes motions to alter or amend a judgment within 28 days of the judgment when a party seeks "reconsideration of matters properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 174 (1989). The grounds for Rule 59(e) relief include newly discovered evidence or clear errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Rule 59(a)(1)(B) allows for a motion for a new nonjury trial if "the verdict ... will result in a miscarriage of justice" or "is against the clear weight of the evidence." *Jenkins v. Anton*, 922 F.3d 1257, 1264 & n.7 (11th Cir. 2019) (alteration in original and citation omitted).

Upon review, none of Defendant's arguments are convincing. As an initial matter Defendant identifies no newly discovered evidence, no intervening change in law, and no manifest error in the Court's factual findings. I find this to be particularly true with respect to Plaintiff's prior-restraint and compelled speech arguments, both of which the court had adequate opportunity to consider when inviting the Defendant to argue its position on the scope of the injunction. (DE 223 at 24, 26).

Instead, Defendant attempts to relitigate factual and legal findings concerning the methodology and resultant penalty by characterizing them as "subjective assessments" and guising their misleading assessments as "pure opinion." (DE 220 at 16). With respect to Defendant's "pure opinion" contention, I agree with the Plaintiffs that Defendant's approach at trial diverges from the arguments it now presents. At trial, the Defendant attempted to characterize its methodology as sound and objective. As I noted in my Order following the Bench Trial, "[w]hether the scores are 'technically or materially true is not persuasive' when the material implication of Leapfrog's representations is that it constitutes a full and accurate representation of patient safety." (DE 212 at 21 (citing *F.T.C. v. Peoples Credit First, LLC*, 244 F. App'x 942 at 2 (11th Cir. 2007)). On various occasions, the Defendant did not represent that their speech constituted opinion, but instead

constituted known data. Third, as discussed at the motion to dismiss stage, Defendant's grades and methods would enjoy First Amendment protection if they were, indeed, "not readily capable of being proven false" or were "pure opinion." (DE 41 at 5). I held then and continue to hold that FDUTPA claims are not barred when they involve "false or misleading statements about the rating process itself," including false statements that "mislead consumers" about how the ratings they consume are calculated and what they represent. (*Id.*). As the Plaintiffs note, "[a]rbitrarily calling something an 'opinion' does not make it so when the statement 'implies a knowledge of facts which lead to the conclusion.'" (DE 223 at 15, 16 (citing *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 18)).

With respect to the Defendant's actual malice argument, I find that Defendant has forfeited this issue. "[T]o preserve a claim, argument, theory, or defense," the defendant "must first clearly present it to the district court … in such a way as to afford the district court an opportunity to recognize and rule on it." *Juris v. Inamed Corp.*, 685 F.3d 1294, 1325 (11th Cir. 2012) (cleaned up). At no point did Defendant raise arguments concerning actual malice, and yet, Defendant now pivots to point out to the Court that "no finding of actual malice appears anywhere in the Court's injunction order." (DE 228 at 11). Instead, Defendant suggests that a "new argument inconsistent with one raised earlier may be made if in service of the same bottom-line request." (DE 228 at 11, n. 4). Yet, Defendant attempts to take this principle to an entirely new level. Certainly, it is plausible that a court may assess the record for evidence under the new and inconsistent argument, but that is because the record evidence may nevertheless support such a finding under a different route. Here, however, Defendant's actual malice proposition requires a specialized showing, which it did not attempt to make, and then further attempts to characterize the obvious dearth in the record as to actual malice as a flaw in the Court's adjudication.

Having carefully considered the Parties' submissions, the record, and applicable law, I find

3

that Defendant has failed to demonstrate that reconsideration of my prior ruling is warranted. Accordingly, it hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration and to Alter or Amend the Judgment, or for New Trial (DE 220) is **DENIED**.

**SIGNED** in Chambers in West Palm Beach Florida, this _17_ day of June, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc.      Counsel of Record

4